**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **APRIL COOPER** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | **NO.:** |
| vs. | : | |
| **FEDEX OFFICE** | : | |
| | : | **PLAINTIFF REQUESTS A TRIAL** |
| | : | **BY JURY** |
| | : | |
| **Defendant** | : | |

---

**COMPLAINT**

**I.    PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, April Cooper.  Plaintiff was an employee of Defendant, FedEx Office, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Family Medical Leave Act ("FMLA") and Pennsylvania Common Law.

1

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the FMLA. This Court can exercise supplemental jurisdiction over Plaintiff's common law claim. In the alternative, this court has diversity jurisdiction over Plaintiff's common law claim.

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendant, and specific jurisdiction over this matter as the events giving rise to the claim occurred in the Eastern District.

## III. PARTIES

5. The Plaintiff herein is April Cooper, former employee of the Defendant.

6. The Defendant herein is FedEx Office. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the FMLA.

## IV. UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Defendant employed Plaintiff for over two years as an Assistant Manager.

9. On or about July 24, 2019, Plaintiff was hurt in the course and scope of her employment.

10. Plaintiff's injury was a qualifying medical condition under the Family Medical Leave Act.

11. Plaintiff needed time off of work to recover from her work-related injury.

12. Plaintiff told Defendant about the need for time off.

13. Plaintiff regularly communicated with her supervisors, and provided the information that was needed.

14. Plaintiff also actively pursued workers compensation benefits, and notified her employer that she was seeking workers compensation benefits in the form of medical treatment.

15. Despite having a stellar employment record, and doing everything needed to get time off, Plaintiff was terminated.

16. Plaintiff received a letter dating September 6, 2019 indicated that she was terminated.

17. Plaintiff was terminated to interfere with her taking her FMLA, as well as in retaliation for taking her FMLA leave.

18. In addition, Plaintiff was terminated in retaliation for pursuing workers compensation benefits.

## COUNT I

### INTENTIONAL INTERFERENCE AND RETALITION UNDER THE FAMILY MEDICAL LEAVE ACT

19. Paragraphs 1-18 are incorporated herein as if set forth at length.

20. Plaintiff had a qualifying medical condition under the FMLA.

21. In addition, Defendant was a covered employer under the FMLA, and Plaintiff qualified for leave.

22. Plaintiff was entitled to twelve weeks of leave under the FMLA.

23. Plaintiff did all the necessary paperwork to request leave.

24. However, approximately halfway through Plaintiff's leave, she was terminated.

25. Defendant terminated Plaintiff to interfere with her taking her FMLA leave.

26. In addition, Defendant terminated Plaintiff to retaliate against her for taking FMLA leave.

27. Terminating the Plaintiff was a plain and obvious violation of the FMLA.

28. Defendant knew that terminating the Plaintiff violated the FMLA, but did it anyway.

29. Defendant intentionally violated the FMLA in multiple respects by terminating the Plaintiff.

30. Defendant, its upper level managers, and supervisors all violated the FMLA by terminating the Plaintiff.

## **PRAYER FOR RELIEF**

31. Plaintiff incorporates paragraphs 1 through 30 as if set forth at length.

32. Plaintiff was injured during the course and scope of her employment.

33. As such, Plaintiff qualified for workers compensation benefits under the Workers Compensation Act, including medical treatment and financial compensation.

34. Plaintiff actively pursued her workers compensation benefits by seeking medical treatment paid for by her employer's workers compensation policy.

35. As a result of actively pursuing workers compensation benefits, Plaintiff was terminated.

36. Plaintiff was terminated in retaliation for seeking workers compensation benefits, in violation of Pennsylvania public policy.

37. Defendant, its upper level managers, and supervisors all violated Pennsylvania common law by terminating the Plaintiff.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination based on his disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.